IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ROSEANNA A. WILLIAMS,       Plaintiff,    v. KLAMATH COUNTY, et al.,       Defendants. | Civ. No. 03-6027-CO  OPINION AND ORDER |

AIKEN, Judge:

    Plaintiff filed suit alleging claims for due process violations under 42 U.S.C. § 1983 against defendants Klamath County and Carrie Buck, and claims for defamation, and intentional infliction of emotional distress against defendant Developmental Systems, Inc. (DSI), plaintiff's former employer. Klamath County subcontracts with DSI to provide residential and vocational services to individuals with developmental disabilities. Plaintiff's claims arise from an investigation conducted by Klamath County regarding abuse allegations made against plaintiff by her

1 - ORDER

coworkers at DSI. Defendants moved for summary judgment, and on April 4, 2005, Magistrate Judge Cooney issued his Findings and Recommendations and recommended that defendants' motions be granted. The matter is now before me. See 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b).

When either party objects to any portion of a magistrate judge's Findings and Recommendation, the district court must make a de novo determination of that portion of the magistrate judge's report. See 28 U.S.C. § 636(b)(1); McDonnell Douglas Corp. v. Commodore Business Machines, Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Plaintiff has filed timely objections to the Findings and Recommendation, and I have, therefore, given de novo review of Magistrate Judge Cooney's ruling. I find no error.

I agree that plaintiff fails to establish that defendants Klamath County or Buck knew or should have known that defendant DSI would terminate plaintiff without giving her further opportunity to contest the allegations. See Gini v. Las Vegas Metro Police Dep't, 40 F.3d 1041, 1044 (9th Cir. 1994). In Gini, the court held that even if the alleged deprivation of liberty is not inflicted by a state actor, "[t]he requisite causal connection can be established not only by some kind of direct personal participation in the deprivation but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." Id. at 1044. Here, Klamath County and Buck did not participate in the alleged

2 - ORDER

deprivation, because they did not terminate plaintiff. Further, it was DSI employees rather than County employees who raised the allegations and set the chain of events in motion.

To the extent plaintiff relies on Merritt v. Mackey, 827 F.2d 1368 (9th Cir. 1987), such reliance is misplaced, because the primary issue in that case was the alleged deprivation of a property interest in continuing employment rather than the liberty interest alleged here by plaintiff. Id. at 1371. Moreover, plaintiff was given notice of the allegations and an opportunity to be heard during the County's investigation of the abuse. Therefore, summary judgment on plaintiff's § 1983 claim is appropriate.

Next, I agree that plaintiff fails to present admissible evidence that any DSI employee questioned in the investigation was motivated by malice or bad faith to overcome the immunity and qualified privilege applicable to their statements. Or. Rev. Stat. § 430.753; Wattenburg v. United Med. Labs., Inc., 269 Or. 377, 380, 525 P.2d 113, 114 (1974); Lund v. Arbonne Int'l, Inc., 132 Or. App. 87, 95, 887 P.2d 817, 824 (1994) ("A statement that is otherwise defamatory is privileged if it is uttered under such circumstances that the law grants immunity to the speaker."). Several witnesses and physical evidence corroborated the allegations against plaintiff, and plaintiff fails to attribute bad faith or improper motive to any DSI or County employee during the investigation of abuse allegations against plaintiff. Lund, 132 Or. App. at 96, 887

3 - ORDER

P.2d at 823.

Accordingly, Magistrate Judge Cooney's Findings and Recommendations issued April 4, 2005 (docs. 104, 105) are ADOPTED. Defendants' Motions for Summary Judgment (docs. 52, 57) are GRANTED and this case is DISMISSED.

IT IS SO ORDERED.

Dated this 29th day of June, 2005.

                                      <u>/s/ Ann Aiken</u>
                                         Ann Aiken
                            United States District Judge